UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN D SCHMIDT, ET AL | CIVIL ACTION NO: 5:14-00507 |
| VERSUS | JUDGE DONALD E. WALTER |
| J-LU CO LTD LLC | MAG. JUDGE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is Defendant J-Lu Company Limited LLC's ("J-Lu") Motion to Dismiss Plaintiffs' claims stemming from an alleged oral agreement filed pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 5]. Having considered the motion, the response, the reply, the pleadings, the entire record, and the applicable law, this Court concludes that a writing was required because the agreement involved immovable property. Because there was no written contract, Plaintiffs have not stated a claim upon which relief can be granted and J-Lu's motion to dismiss is therefore **GRANTED**. Ultimately this case is dismissed in its entirety.

## I. BACKGROUND

This suit arises out of an alleged oral agreement regarding immovable property formed between Plaintiffs Kevin D. Schmidt and Monica Sagely Wells Schmidt (the "Schmidts") and Defendant J-Lu. The Schmidts allege that J-Lu owns an 80% working interest in certain oil and gas leases and wells in Beauregard Parish, Louisiana. On March 7, 2014, Plaintiffs filed a Complaint against J-Lu alleging the breach of an oral agreement to transfer immovable property.[1] According

---

[1] Doc. 1 (Complaint).

to the Complaint, the oral agreement contained three parts:

> (1) the Schmidts would pay 100% of expenses associated with 'fracking' one of three existing oil wells, serial numbers 190329, 193749, 197506 in Beauregard Parish in Louisiana; (2) that, through increased production in the well and the profit derived therefrom, the two other existing wells would be 'fracked'; and (3) J-Lu's total working interest in the three wells would be split equally, with J-Lu owning one-half of J-Lu's total working interest and the Schmidts owning one-half of J-Lu's then existing working interest.[2]

In the Complaint, Plaintiffs contend that the oral agreement resulted in the creation of a partnership or joint venture between J-Lu and the Schmidts.

The Plaintiffs argue that J-Lu breached the oral agreement by failing to allow the Plaintiffs to perform their obligations in exchange for a working mineral interest. J-Lu filed the instant motion to dismiss in which it contends that if a verbal contract did exist, which it denies, it would not be enforceable, because Louisiana law mandates that all contracts involving the sale or transfer of immovable property must be in writing.[3] Plaintiffs oppose this motion and J-Lu filed a reply.[4]

## II. APPLICABLE LAW

The instant motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(6) which provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[2] *Id.* at p. 3 (Complaint).

[3] Doc. 5.

[4] Doc. 8 (Plaintiffs' opposition to motion); Doc. 11 (J-Lu's reply to opposition).

*v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## III. DISCUSSION

The decisive issue in this case is that there was no written contract and the alleged oral agreement involved immovable property. Specifically, the alleged agreement between the parties involved three oil wells and specified that the working interest in the wells would be split equally. In the present matter, there is no dispute that the parties never put the contract into writing. This is a fatal flaw under Louisiana law. Louisiana Civil Code Article 1839 provides that a "transfer of immovable property must be made by authentic act or by act under private signature." The *Louisiana Civil Law Treatise* explains this article as follows: "Because of its wording, the rule here discussed might suggest that only the transfer of the ownership of immovable property requires a writing, but that is not so, as the rule also governs the transfer of any dismembered portion of the right of ownership." 5 LA. CIV. L. TREATISE, Law Of Obligations § 12.39 (2d ed.). Furthermore, the *Louisiana Mineral Code* classifies mineral rights as incorporeal immovables, as a consequence of which a writing is required for the transfer of such rights. *Id.*; LA.REV.STAT. ANN. § 31:16-18. As such, the Plaintiffs have not stated a claim upon which relief can be granted. The cases supporting

the Court's conclusion are legion.[5]

In their opposition to this motion, Plaintiffs respond with three arguments: (1) the agreement could be considered an agreement to compensate for the performance of fracking and drilling services and therefore does not require a writing; (2) the agreement created a partnership or joint venture which does not have to be in writing; and (3) the parties waived the requirement that an agreement to transfer a working interest must be in writing.[6] Ultimately, all of Plaintiffs' contentions cannot avoid the inescapable conclusion that the dispute arises from immovable property.

The fact that there was no written agreement is dispositive. The agreement was inextricably tied to immovable property. Indeed, the very purpose of the writing requirement for contracts regarding immovable property is to prevent misunderstanding over verbal terms and other matters and the instant case illustrates the importance of that overarching principle. To allow litigants to avoid the writing requirement by framing their cause of action in creative terms such as alleging a joint venture/partnership or a compensation for services or by asserting equitable estoppel would be jurisprudentially undermining the concept so firmly established in the Louisiana Civil Code.

---

[5] *See, e.g., Ogden v. Ogden*, 93-1413 (La. App. 3 Cir. 9/21/94), 643 So. 2d 245, *writ denied*, 94-2539 (La. 1/13/95), 648 So. 2d 1339; *Hayes v. Muller*, 245 La. 356, 158 So. 2d 191 (1963); *John W. Stone Oil Distrib., L.L.C. v. River Oaks Contractors & Developers, Inc.*, 07-1001 (La. App. 5 Cir. 5/27/08), 986 So. 2d 103 *writ denied*, 2008-1397 (La. 9/26/08), 992 So. 2d 992.

[6] Doc. 8.

4

## IV. CONCLUSION

Having considered the motion, the response, the reply, the pleadings, the entire record, and the applicable law, this Court concludes that a writing was required because the agreement involved immovable property. Because there was no written contract, Plaintiffs have not stated a claim upon which relief can be granted and J-Lu's motion to dismiss is therefore **GRANTED**. Ultimately this case is dismissed in its entirety.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 18 day of August, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE